FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 21 2010

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02473-BNB

THOMAS REINIG, Prisoner #130269,

Applicant,

v.

STATE OF COLORADO,

Respondent.

---

ORDER GRANTING LEAVE TO PROCEED PURSUANT TO 28 U.S.C. § 1915
AND DIRECTING APPLICANT TO SUBMIT AMENDED APPLICATION

---

Applicant, Thomas Reinig, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the San Carlos Correctional Facility in Pueblo, Colorado. He submitted to the Court ***pro se*** documents titled "Motion to Proceed In Forma Pauperis" and "Habeas Corpus, Federal."

In an order filed on October 12, 2010, Magistrate Judge Boyd N. Boland ordered Mr. Reinig to cure certain enumerated deficiencies in this case within thirty days. Specifically, Mr. Reinig was directed to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action on the Court-approved form and to submit a certificate of the warden or other appropriate jail officer as to the amount of money on deposit in his inmate trust fund account. He also was directed to submit an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on the Court-approved form.

On October 22, 2010, Mr. Reinig submitted a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action in which he indicated that he was unable to submit a certified account statement as directed in the October 12 order to cure. Rule 3 of the Rules Governing Section 2254 Cases in the United States District Courts requires a "certificate of the warden or other appropriate officer of the institution in which the petitioner is confined as to the amount of money or securities on deposit to the petitioner's credit in any account in the institution." The Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action also notes this requirement.

In a minute order filed on November 12, 2010, Mr. Reinig was allowed thirty days either to file an account statement certified by an appropriate official of his penal institution or to present written documentation that prison officials have refused to allow him to comply with the October 12 order to cure. He also was ordered to file an amended application in thirty days as directed in the October 12 order. The November 12 minute order warned Mr. Reinig that failure to cure either deficiency within the time allowed would result in the dismissal of the instant action.

On November 23, 2010, Mr. Reinig cured a deficiency by submitting a certified copy of his trust fund account statement. Mr. Reinig has failed, within the time allowed, to submit an amended application on the Court-approved form as directed. However, the action will not be dismissed, at this time, for Mr. Reinig's failure to submit an amended application as directed. Instead, he will be granted leave to proceed pursuant to 28 U.S.C. § 1915, and ordered to file an amended application, as directed below.

Mr. Reinig's habeas corpus application is difficult to read. Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible. ***See*** D.C.COLO.LCivR 10.1E. and G. The application Mr. Reinig has filed, as well as his other handwritten papers, are difficult to read because they are single-spaced and written in all capital letters. The amended application Mr. Reinig will be directed to file, if handwritten, shall be double-spaced and written legibly, in capital and lower-case letters.

The amended application Mr. Reinig will be directed to file also must comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. ***See*** Fed. R. Civ. P. 81(a)(2); ***Browder v. Director, Dep't of Corrections***, 434 U.S. 257, 269 (1978); ***Ewing v. Rodgers***, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Rule 4 of the Rules Governing Section 2254 Cases requires Mr. Reinig to go beyond notice pleading. ***See Blackledge v. Allison***, 431 U.S. 63, 75 n.7 (1977). Mr. Reinig must clearly allege his claims, and he must allege specific facts to support each

asserted claim. Naked allegations of constitutional violations are not cognizable in a habeas corpus action. ***See Ruark v. Gunter***, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Mr. Reinig will be directed to file an amended application that complies with D.C.COLO.LCivR 10.1, Fed. R. Civ. P. 8, and Rule 4 of the Section 2254 Rules. In the amended application, Mr. Reinig is directed to state, clearly and concisely, each claim he intends to assert in this action. Mr. Reinig may not refer to or rely upon attachments or documents external to his amended application to explain his asserted claims or to provide support for the asserted claims. He also must use the Court-approved form for filing a habeas corpus application.

Finally, the Court notes that Mr. Reinig has named an improper Respondent in the caption of the document titled "Habeas Corpus, Federal." The law is well-established that the only proper respondent to a habeas corpus action is the applicant's custodian, ***i.e.***, the warden of the facility in which the applicant is housed. ***See*** 28 U.S.C. § 2242; Rules 2(a) and 1(b), Rules Governing Section 2254 Cases in the United States District Courts; ***Harris v. Champion***, 51 F.3d 901, 906 (10th Cir. 1995).

Accordingly, it is

ORDERED that Applicant, Thomas Reinig, is granted leave to proceed pursuant to 28 U.S.C. § 1915. It is

FURTHER ORDERED that Mr. Reinig **within thirty days from the date of this order**, file an amended application that complies with this order. It is

FURTHER ORDERED that Mr. Reinig's amended application shall be titled, "Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Reinig, together with a copy of this order, two copies of the following form, one of which is to be used in filing the amended application: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that if Mr. Reinig fails within the time allowed to file an amended application as directed, the document titled "Habeas Corpus, Federal" will be denied and the action will be dismissed without further notice. It is

FURTHER ORDERED that the following motions are denied: "Motion to Accept 30 Pages of Arguements [sic]" (docket no. 5), "Motion to Copy, Mail Out After Assigning a Federal Case Number" (docket no. 6), and "Motion to Transfer to Cheyenne Mountain" (docket no. 11). It is

FURTHER ORDERED that "Motion for a Legal Material Status Update" (docket no. 10) is granted, and the clerk of the Court is directed to mail to Mr. Reinig, together with this order, a copy of the docket sheet for this action. It is

FURTHER ORDERED that "Motion to Address Why a Civil Case Number" (docket no. 12) is granted, and Mr. Reinig is informed that this is a civil action and, therefore, is assigned a civil action number. It is

FURTHER ORDERED that "Motion to Accept All Legal Material Handprinted and Handwritten, Since Per Case Manager Michelle Juraooj No Typewriters Are Available at This Facility" (docket no. 14) is denied as unnecessary. It is

FURTHER ORDERED that "Request of Counsel If Determined Necessary Per Federal Judges or Their Law Clerks After a Legal Review and Reading for Court Records" (docket no. 7) and "Motion to Produce, Copy Incoming and Outgoing Legal Log Book, Paper From June 2010 to Present Date, Regarding Thomas Reinig #130269" (docket no. 13) are denied as premature. It is

FURTHER ORDERED that Mr. Reinig is directed to stop submitting any more motions, unless an emergency is indicated, until he complies with the directives of this order. His filing of unnecessary motions is delaying the processing of this action.

DATED December 21, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02473-BNB

Thomas Reinig
Prisoner No. 130269
San Carlos Corr. Facility
1410 W. 13th Street
PO Box 3
Pueblo, CO 81003

I hereby certify that I have mailed a copy of the **ORDER and two copies of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 12/21/10

GREGORY C. LANGHAM, CLERK

By: ______________________
Deputy Clerk